IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| The Association of Business Process Management Professionals International, </br></br>Plaintiff,</br></br>v.</br></br>Brainstorm Group, Inc.</br></br>Defendant. | No. 13 C 6213</br></br>Magistrate Judge</br>Jeffrey T. Gilbert |

## ORDER

Plaintiff's Motion to Enforce Settlement Agreement [ECF No. 53] is granted in part and denied in part. See Statement below for further details.

## STATEMENT

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement [ECF No. 53]. The Court has reviewed the materials submitted by the parties in connection with Plaintiff's Motion, including the Settlement Agreement and Mutual Release at issue (referenced herein as either "Settlement Agreement" or "Agreement"). The Court also is familiar with the matters raised in Plaintiff's Motion because it participated in the settlement conference that gave rise to the Settlement Agreement.

In the Agreement, Defendant agreed "not to use the term CBPMP in any capacity in connection with any and all of its goods, services, programs, and certifications" subject only to limited exceptions specifically set forth in the Agreement and not applicable here. [ECF No. 54-1], at ¶ 1.1. Plaintiff also agreed that Defendant "may use, if it so chooses, the term CBPMI in connection with its goods, services, programs, and certifications." [ECF No. 54-1], at ¶ 1.2. The Settlement Agreement, however, does not require Defendant to use that term. Plaintiff also agreed that Defendant may issue, if it so chooses, certificates to business process management professionals stating that those professionals are "Certified Business Process Management Institute Professionals." *Id.* Again, Defendant was not required to use that exact phrase in issuing certifications. If it did use that phrase, however, then it had a safe harbor.

Plaintiff's Motion is granted to the extent Defendant continues to use the term "CBPMP" on its website "in any capacity," including in articles and in identification of faculty members or contributors listed on that website as participants or panel members in programs hosted or sponsored by Defendant. As the Court reads the Agreement, Defendant agreed not to do that. Since Plaintiff filed its Motion, Defendant has removed the term "CBPMP" from an article on its website that was co-authored by one of Defendant's principals. But the term "CBPMP" continues to be used in biographies of presenters at programs sponsored or hosted by Defendant that appear on Defendant's website. Defendant has control of what it posts on its website. The biographies are being used by Defendant "in connection with . . . its goods, services, programs, and certifications." Defendant agreed not to "use the term CBPMP in any capacity" on its website or otherwise in connection with its goods, services, programs, and certifications. Therefore, Defendant's continued use of those terms in this manner violates the Settlement Agreement.

The Court is not convinced by Defendant's argument that it has nothing to do with the use of the term "CBPMP" in the biographies of its third party presenters. Defendant chooses what to put on its website. Although the presenters may have been awarded the "CBPMP" designation by Defendant before this lawsuit began, Defendant agreed in settlement of the lawsuit not to use that term "in any capacity" in connection with its business. The Settlement Agreement does not prevent the presenters from using the "CBPMP" designation in other places or contexts, but it does prevent Defendant from displaying that designation on its website or otherwise in connection with its goods, services, programs and certifications. It must stop doing so and remove the designations that now appear on its website.

Plaintiff's Motion is denied, however, to the extent it seeks to prevent Defendant from using language or terminology that was not addressed or explicitly included in the Settlement Agreement, specifically the term "Certified BPMP" and the phrase "Certified Business Process Management Professional." The Court does not read the express terms of the Settlement Agreement to prohibit Defendant from using that term or phrase. If the Court were to read the Settlement Agreement as doing so, it would expand the terms and scope of the Settlement Agreement beyond the four corners of that Agreement. Both parties were represented by counsel in negotiating the settlement and the Agreement. If Plaintiff wanted the Settlement Agreement to proscribe the use of these terms or language, Plaintiff should have negotiated a different agreement.

The Court does not agree with Plaintiff that it should read the proscription on the use of the term "CBPMP in any capacity" implicitly, and broadly, to proscribe the use of "Certified BPMP" and the phrase "Certified Business Process Management Professional." CBPMP is not a defined term in the Agreement though the parties appear to have been using it as an acronym for the phrase "Certified Business Process Management Professional." The Agreement, however, proscribes the use of the acronym and not the underlying words or phrase. That does not appear to be an accident. Defendant hotly contested Plaintiff's right to prevent it from doing what it was doing and enforcing its alleged marks. In fact, Defendant filed a counterclaim seeking a declaration that Plaintiff's asserted marks were invalid. In settlement of the case, neither party won or lost but both compromised. The result was that Defendant was barred from using "the term CBPMP in any capacity" and allowed a safe harbor for the term "CBPMI" and the phrase

"Certified Business Process Management Institute Professional." The Settlement Agreement is silent on Defendant's ability to use the phrase "Certified Business Process Management Professional."

The Court disagrees with Plaintiff's argument that because the Agreement provides that Defendant may, if it chooses, use a particular term or phrase that means it agreed not to use any other term or phrase. The Agreement does not require Defendant to use that terminology to the exclusion of all else. If Plaintiff wanted to bar Defendant from using both the acronym and the underlying phrase, the Agreement should have so provided. The Court agrees with Defendant's argument that the parties used an acronym and a phrase when they wanted to do so (as they did in paragraph 1.2 of the Agreement with respect to the term "CBPMI" and the phrase "Certified Business Process Management Institute Professional"). The Court interprets the parties' failure to address specifically the use of the phrase "Certified Business Process Management Professional" as meaning the parties did not agree in the Settlement Agreement on the use of that phrase.

Plaintiff may ask, "Well, then what did I get in this Settlement Agreement?" The answer is Plaintiff got what the Settlement Agreement says it got. There is no "penumbra" to the Settlement Agreement as there may be to, say, constitutional rights. The Settlement Agreement is a contract and it is clear. It alone establishes the parameters of the parties' agreement.

If Plaintiff wanted to prevent Defendant from using the term "Certified BPMP," the Settlement Agreement should have said so, and the same with the phrase "Certified Business Process Management Professional." The Settlement Agreement does not bar the use of these terms or language, just as it does not bar the use of any other terms or language not at issue here – such as Competent BPMB, Credited BPMP, or Accredited Business Process Management Professional.

The Settlement Agreement affirmatively speaks only of the use of "the term CBPMP." Although Plaintiff's complaint and the lawsuit arguably may have been broader than that acronym, the Settlement Agreement is not that broad. Again, this was a settlement, a compromise. Plaintiff did not win its lawsuit. It negotiated a settlement with an opposing party who did not agree it had done anything wrong. In fact, the opposing party filed a counterclaim seeking to invalidate Plaintiff's CBPP® trademark. Both parties agreed to declare victory and retreat.

Plaintiff now is trying, in the Court's view, to extract more of a victory from the settlement than it was able to extract at the time it inked the deal. Perhaps Plaintiff would not have agreed to settle if it foresaw that Defendant would use the terms or phrases it now is using. But perhaps Defendant would not have agreed to settle if Plaintiff had sought to extract from it an express agreement not to do what it is now doing. All we know for sure is what the parties agreed in their written Settlement Agreement. For the reasons discussed here, the Court does not believe that the Settlement Agreement covers the things Plaintiff now says it does. Further, Plaintiff's invocation of the covenant of good faith and fair dealing implied into contracts under Illinois law does not substitute for the failure of the Agreement to address these issues expressly.

The Court also does not agree with Plaintiff's contention that, on the facts set forth in its Motion, or the response, reply and sur-reply, Defendant entered into the Settlement Agreement under

false pretenses. Plaintiff says it and the Court were misled into believing that Defendant would use the term "CBPMI." The Court does not see it that way. The Agreement does not require Defendant to use that term. Plaintiff was aware when it entered into the Settlement Agreement that there might be a problem with Defendant using that term. Rather than misleading anyone, Defendant was up-front that there was an issue. Plaintiff chose to ink the settlement before it was clear that Defendant could use the term "CBPMI." Plaintiff could have waited or even insisted that the issue be resolved before it finalized the settlement; it chose not to do so.

Finally, both parties seek their attorney's fees incurred in filing and opposing the Motion. The Settlement Agreement provides that a party in breach shall pay the reasonable attorney's fees incurred by the other party in enforcing the Agreement. *See* [ECF No. 54-1], at ¶ 4.1. Defendant cites no basis or authority for its request for reimbursement of its attorney's fees incurred in successfully defending against Plaintiff's claim of breach in some respects. Sometimes parties to a settlement agree that the prevailing party in an action to enforce a settlement is to be reimbursed for its attorney's fees. The Settlement Agreement in this case does not so provide.

Plaintiff was successful in forcing Defendant to remove the term "CBPMP" in the three instances that term appeared on its website after the date it agreed to remove the term – once in an article and in the biographies of two presenters at programs sponsored by Defendant. As victories go, the Court views this as a relatively modest victory but the Agreement does say that the prevailing party – in this instance, Plaintiff – is entitled to reimbursement of its attorney's fees incurred in enforcing the Settlement Agreement to the limited extent it proved Defendant was in breach. Plaintiff did not prevail in any other respect in its Motion to Enforce and, therefore, it is not entitled to its attorney's fees incurred in its broader effort to stop Defendant from using the term "Certified CBMP" or the phrase "Certified Business Process Management Professional."

If Plaintiff can segregate the reasonable attorney's fees it incurred for that part of its Motion to Enforce that relate to the matters as to which it succeeded in proving up a breach, it would seem to be entitled to those attorney's fees. Local Rule 54.3 of the United States District Court for the Northern District of Illinois sets forth a procedure for the parties to follow in a case in which a party that seeks an award of attorney's fees, including a meet-and-confer process that often is helpful in resolving the matter without the need for additional motion practice. The parties are directed to follow the Local Rule 54.3 process in connection with any request for attorney's fees in this matter.[1]

---

[1] The Court notes without deciding that the Settlement Agreement does not appear to speak directly to whether a party that proves a breach of the Agreement is entitled to recover both the attorney's fees incurred in proving-up a breach of the Agreement <u>and</u> any additional fees incurred in preparing or presenting a petition to recover those fees or litigating the reasonableness of the recoverable fees, the so-called "fees-on-fees" issue. In an admittedly different context, the United States Supreme Court recently discussed the American Rule, which limits the award of attorney's fees to situations when it is authorized by a statute or contract, in the context of the recovery of attorney's fees incurred defending the reasonableness of an attorney's fee application in Bankruptcy Court. *Baker Botts L.L.P. v. ASARCO LLC*, ___ U.S. ___, *135 S. Ct. 2158 (2015)*.

Accordingly, for the reasons discussed above, Plaintiff's Motion to Enforce Settlement Agreement [ECF No. 53] is granted in part and denied in part.

It is so ordered.

Dated: August 24, 2015

Jeffrey T. Gilbert
United States Magistrate Judge